IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sur Novel, et al.,

               Plaintiffs,

v.

State of New York, et al.,

               Defendants.

Case No. 2:13-cv-698

Judge Graham

Magistrate Judge Abel

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Dismiss (doc. 21). For the reasons that follow, the Court GRANTS the Defendants' Motion (doc. 21) and DISMISSES WITH PREJUDICE the Plaintiffs' Amended Complaint (doc. 14).


I.      **Background**

This dispute concerns the suspension of Plaintiff Sur Novel's license to practice law in the State of New York. Since 2002, Plaintiff Sur Novel has been a resident of Thailand and a licensed attorney in the State of New York. Am. Compl. at ¶¶ 17–18, doc. 14. In 2010, following contentious, intra-family litigation over a deceased family member's estate in Ohio, Plaintiff Sur Novel filed a lawsuit in Ohio state court against the attorney responsible for that litigation. Id. at ¶¶ at 20–22, 27. Based on Novel's conduct during that litigation, the Defendants initiated attorney disciplinary proceedings against him in the State of New York.

The Defendants in this case are: the State of New York; the Committee on Professional Standards (COPS) for the Third Judicial Department, State of New York; Jevon Garrett; and Peter Torncello. The Committee on Professional Standards "is the official body authorized under rules of the Appellate Division, Third Department to investigate allegations of attorney

misconduct, to bring charges and to prosecute attorneys when charges are brought." Capoccia v. Comm. on Prof'l Standards, No. 89 Civ. 866, 1990 WL 211189, at *1 (N.D.N.Y. Dec. 20, 1990). Defendants Torncello and Garrett are COPS attorneys who investigated and prosecuted the disciplinary case against Novel.

On June 27, 2013, the Committee on Professional Standards suspended Novel's[1] license for six months as a result of his conduct during the Ohio state court litigation. Am. Compl. at ¶ 29. Among other findings, the Defendants found that Novel: (1) engaged in the unauthorized practice of law in Ohio in intra-family litigation; (2) engaged in conflicts of interest without a disclosure of the conflict or a writing indicating informed consent; (3) behaved in an undignified and discourteous matter; and (4) engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. See Novel v. Zapor, et al., 2:12-cv-00737-JLG-TPK (S.D. Ohio), doc. 19 at 2.

Following the suspension of his license in New York, Novel filed a 61-page Complaint in the Southern District of Ohio against the Defendants. In his initial Complaint (doc. 2), Novel alleged numerous violations of his constitutional rights and requested declaratory and injunctive relief from the Defendants' suspension of his license to practice law in New York. Specifically, Novel alleged that the Defendants violated his right to equal protection and due process under the Fourteenth Amendment of the United States Constitution as a result of their conduct during disciplinary proceedings that led to the suspension of his license to practice law in New York.

After reviewing Novel's Complaint, the Court entered an Order stating that "[t]his Court may not stay or otherwise grant plaintiff relief from an order of a New York Court," citing the Rooker-Feldman doctrine. July 17, 2013 Order at 1, doc. 5. Further, the Court ordered Novel "to show cause why this case is not subject to dismissal on sovereign immunity grounds." Id.

---

[1] Unless otherwise indicated, "Novel" refers to Plaintiff Sur Novel.

Thereafter, Novel submitted a 39-page Amended Complaint (doc. 14). The Amended Complaint includes three new plaintiffs, Anna Craig, Jerimy Mulligan, and Abby Novel, and raises additional claims of civil rights violations against the Defendants based on their alleged violation of the Plaintiffs' Fourteenth Amendment right to equal protection and due process of law. The Plaintiffs bring suit against Defendants Torncello and Grant in their individual capacity pursuant to 42 U.S.C. § 1983 for alleged violations of the Constitution and federal law. Am. Compl. at 37. Further, the Plaintiffs request "declaratory and injunctive relief giving full faith and credit to the Ohio court rulings they have cited herein and reinstatement of Plaintiff Novel's New York attorney license." <u>Id.</u> Continuing, they request:

> declaratory relief to mitigate the damages to [Novel's] professional reputation by declaring he: 1) did not engage in a conflict of interest "in Ohio"; 2) did not act in an undignified or discourteous manner before a tribunal "in Ohio"; 3) did not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation "in Ohio"; and 4) did not engage in the unauthorized practice of law "in Ohio".

<u>Id.</u>

The Defendants subsequently filed a Motion to Dismiss (doc. 21). In their Motion, the Defendants move for dismissal of the Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6). The Defendants argue that: (1) the Court lacks personal jurisdiction over them because of their insufficient contacts with the State of Ohio; (2) the Plaintiffs' claims are barred by the Eleventh Amendment; (3) the Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine; and (4) Defendants Torncello and Garrett are entitled to quasi-judicial immunity. In the alternative, if the Court does not dismiss the action, the Defendants maintain that venue should be transferred to the United States District Court for the Northern District of New York.

## II.     Discussion

### A.     *Sovereign Immunity*

Assuming *arguendo* that the Plaintiffs made a prima facie showing of jurisdiction as to each defendant, their Amended Complaint is subject to dismissal on sovereign immunity grounds. The Eleventh Amendment of the United States Constitution generally bars suits by citizens of a state against a state in federal court, League of Women Voters of Ohio v. Brunner, 548 F.3d 463, 474 (6th Cir. 2008), "regardless of the nature of the relief sought," Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100–01 (1984). There are numerous exceptions to this general rule, including: (1) when the state has waived its immunity and consented to suit; (2) when Congress has abrogated the state's immunity; or (3) when a state official is sued in his official capacity for purely injunctive relief. Ernst v. Rising, 427 F.3d 351, 358–59 (6th Cir. 2005) (en banc).

Here, the Plaintiffs have sued the State of New York; the Committee on Professional Standards for the Third Judicial Department, State of New York; Jevon Garrett in his individual and official capacity; and Peter Torncello in his individual and official capacity. The Plaintiffs' prayer for relief seeks financial damages in excess of $75,000 against Defendants Garrett and Torncello in their individual capacities and "declaratory[2] and injunctive[3] relief giving full faith

---

[2] Even if the Plaintiffs' request for declaratory relief was properly before the Court, the Court would decline to exercise jurisdiction over it. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)). The Plaintiffs' request for declaratory relief asks this Court to effectively overturn the findings of a New York state court regarding Novel's unauthorized practice of law. Such a finding would unnecessarily increase the friction between federal and state courts and improperly encroach on state jurisdiction, Grand Trunk W. R.R. v. Consol. Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984).

and credit to Ohio court rulings . . . and a reinstatement of Plaintiff Novel's New York attorney license." Am. Compl. at 37.

The Plaintiffs' suit against the State of New York and the Committee on Professional Standards is barred by the Eleventh Amendment. The State of New York has not waived its immunity and consented to suit, and Congress has not abrogated the state's immunity in the context of 42 U.S.C. § 1983, Quern v. Jordan, 440 U.S. 332, 341 (1979). As an arm of the State of New York, the Committee on Professional Standards is entitled to immunity from suit as well. See Anonymous v. Ass'n of the Bar of N.Y., 515 F.2d 427, 433 (2d Cir. 1975) (determining that the state bar association's grievance committee acted as a quasi-judicial body and an arm of the Appellate Division). To the extent the Plaintiffs' Amended Complaint brings a claim against Defendants Garrett and Torncello in their official capacities for declaratory relief, that claim fails for the same reason. A suit against a state official in his official capacity is deemed to be a suit against the state for purposes of the Eleventh Amendment. Cady v. Arenac Cnty., 574 F.3d 334, 344 (6th Cir. 2009).

Finally, to the extent the Plaintiffs bring a claim for injunctive relief against Defendants Garrett and Torncello in their official capacities, Defendants Garrett and Torncello are entitled to sovereign immunity. The *Ex parte Young* exception to sovereign immunity permits federal courts to enjoin a "state official" from violating federal law. Lawson v. Shelby Cnty, 211 F.3d 331, 335 (6th Cir. 2000) (citing Ex parte Young, 209 U.S. 123 (1908)). To determine whether this exception applies, courts consider "whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 645 (2002). Here, the Plaintiffs seek to remedy past

---

[3] The Plaintiffs' request for injunctive relief in the form of the reinstatement of Novel's license to practice law in New York is moot. Novel's license was suspended for six months on June 27, 2013. Am. Compl. at ¶ 29. Based on the Plaintiffs' allegations, that suspension concluded on December 27, 2013.

wrongs, rather than ongoing violations of federal law, and the relief sought is retroactive, rather than prospective, in nature. Consequently, the *Ex parte Young* exception does not apply, and Defendants Torncello and Garrett are immune from suit.

For the foregoing reasons, the Defendants are entitled to sovereign immunity as to the Plaintiffs' claims for injunctive and declaratory relief.[4]

B.    *Quasi-Judicial Immunity*

Again, assuming *arguendo* that the Plaintiffs made a prima facie showing of jurisdiction as to each defendant, the Plaintiffs' claim for monetary damages against Defendants Torncello and Garrett in their individual capacities would still be subject to dismissal. The Plaintiffs allege that Defendants Torncello and Garrett violated their constitutional rights while Defendants Torncello and Garrett were performing their official roles as disciplinary counsel for the Committee on Professional Standards.[5] Defendants Torncello and Garrett are therefore entitled to absolute, quasi-judicial immunity from the Plaintiffs' claims against them in their individual capacities. See Neroni v. Coccoma, No. 3:13-CV-1340, 2014 WL 2532482, at *9 (N.D.N.Y. June 5, 2014) (quoting Koziol v. Peters, No. 12–CV–823, 2012 WL 4854589, at *8 (N.D.N.Y. Oct. 11, 2012)) (finding that claims against COPS attorneys for acts performed as part of official

---

[4] The Plaintiffs' claims for declaratory and injunctive relief are also subject to dismissal under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283–84 (2005). Here, the loss of Novel's license to practice law in New York was caused by a New York state court judgment. The Plaintiffs effectively seeks appellate review of that state court judgment. It is well-established that lower federal courts lack the subject matter jurisdiction to conduct appellate review of state court decisions. Berry v. Schmitt, 688 F.3d 290, 289 (6th Cir. 2012) (citing Exxon Mobil Corp., 544 U.S. at 291).

[5] The Plaintiffs offer the conclusory assertion that Defendants Torncello and Garrett were acting "outside the scope of their judicial capacity and jurisdiction" during their investigation and prosecution of Novel. Am. Compl. at ¶ 63. The Plaintiffs make no factual allegations to support this assertion. Instead, their allegations concern Defendant Torncello's and Garrett's actions in investigating and prosecuting Novel, actions that fall within the scope of their official duties as disciplinary counsel for the Committee on Professional Standards.

duties were barred by the doctrine of quasi-judicial immunity); Aretakis v. Comm. on Prof'l Standards, No. 08 Civ. 9712, 2009 WL 2229578, at *3 (S.D.N.Y. July 27, 2009) (same); see also Moncier v. Jones, 557 F. App'x 407, 409–10 (6th Cir. 2014) (finding that disciplinary counsel for Tennessee Board of Professional Responsibility was absolutely immune from suit for damages where conduct that allegedly violated the plaintiff's constitutional rights occurred while counsel was performing her official duties); Pak v. Ridgell, 476 F. App'x 750 (4th Cir. 2012) (per curiam) (holding "that the district court properly found [assistant bar counsel for the Attorney Grievance Commission of Maryland] to be immune from suit for her participation in Pak's disciplinary proceedings"); Hirsh v. Justices of the Sup. Ct. of the State of Cal., 67 F.3d 708, 715 (9th Cir. 1995) (granting bar counsel absolute quasi-judicial immunity for their role in attorney disciplinary system); Simons v. Bellinger, 643 F.2d 774 (D.C. Cir. 1980) (granting absolute immunity to members of the Committee on Unauthorized Practice of Law, who investigate violations, determine who is prosecuted, and directs the prosecution); McQueen v. Brown, No. 2:11–cv–082, 2011 WL 855128, at *1 (S.D. Ohio Mar. 9, 2011) (Graham, J.) (finding that an assistant disciplinary counsel "charged . . . with assisting in the regulation of attorneys" was entitled to absolute quasi-judicial immunity from claims under § 1983 for actions performed in the course of her official duties).


## III.    Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss (doc. 21) is GRANTED and the Plaintiffs' Amended Complaint (doc. 14) is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.


                                                s/ James L. Graham

JAMES L. GRAHAM
United States District Judge

DATE: November 12, 2014