IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sur G. Novel, et al.,

        Plaintiffs,

v.

State of New York, et al.,

        Defendants.

Case No. 2:13-CV-0698

Judge Graham

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Sur G. Novel's Motion to Reopen the Time to File an Appeal. (Doc. 26). Federal Rule of Appellate Procedure 4(a)(6) allows the district courts to reopen the time to file an appeal should three conditions be met.[1] Because the first of the three conditions is not met, the Court will deny Novel's Motion.

**I.    Background**

Generally, parties must file a notice of appeal within 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). Novel failed to do so. His appeal would ordinarily be precluded; however, Novel asserts that he never received notice of this Court's judgment or order. This, Novel argues, should persuade the Court to exercise its discretion to reopen the time for him to file an appeal.

A proper analysis of this case requires a timeline. The Court dismissed with prejudice Novel's claims on November 12, 2014. (Op. & Order Granting Mot. to Dismiss, doc. 24). That

---

[1] Novel repeatedly cites Federal Rule of Civil Procedure 4(a)(6), but no such subsection exists. *See* Fed. R. Civ. P. 4. The Court presumes this to be a typographical error and construes Novel's motion as one made under Federal Rule of *Appellate* Procedure 4(a)(6).

1

same day, the clerk recorded that notice of the Opinion and Order, (Doc. 24), and the Judgment, (Doc. 25), were "delivered by other means to" Novel at his address in Bangkok, Thailand. (Defs.' Exs. to Mem. in Opp'n, doc. 28). 164 days later, on April 24, 2015, Novel moved to reopen the time to file an appeal, asserting he did not receive copies of either the Court's Opinion and Order, (Doc. 24), or Judgment, (Doc. 25). (Pls.' Mot., Doc. 26). It is unclear how, or when, Novel learned of the filings. (*Id.* at 2).

## II.  Discussion

Novel asks the Court to use its discretion to reopen the time to file an appeal from its order dismissing his complaint. Since the Court does not have the discretion to do so, Novel's motion must be dismissed. The Court only has this discretion if three conditions are met.

> The district court *may* reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added).

To satisfy subsection (A), the Court must *find* that the moving party did not receive notice of the judgment within 21 days after entry. *See Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 369 (6th Cir. 2007) (while district court made no specific findings, Sixth Circuit concluded that subsection (A) was satisfied by the appellant's uncontroverted affidavit); *see also In re Marchiando*, 13 F.3d 1111, 1114 (7th Cir. 1994) (district court required to make factual findings under Federal Rule of Appellate Procedure Rule 4(a)(6)). The Court must rely on some evidence

2

to make such a finding. And in this Court, "[e]vidence shall be presented, in support of or in opposition to any motion, using affidavits . . . and other documentary or electronic exhibits." S.D. Ohio Civ. R. 7.2(e). The relevant evidence on this issue is sparse. Given the sparse evidence, the Court should determine if it is entitled to presume any facts in making a ruling.

May the Court may presume Novel received notice of the November 12, 2014 Judgment? Yes, it seems. The Court's presumption is produced from the machinations of Rules 5(b) and 77(d) of the Federal Rules of Civil Procedure along with Federal Rule of Appellate Procedure 4(a)(6). *See* 16A Wright & Miller, *Federal Practice and Procedure* § 3950.6 (4th ed.). Appellate Rule 4(a)(6) requires the movant to prove non-receipt of Rule 77(d) notice. "While Rule 4(a)(6) puts the burden on the moving party to demonstrate non-receipt, the rule does not mandate a strong presumption of receipt." *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995). This presumption arises out of Rule 77(d)'s reference to Rule 5(b). Fed. R. Civ. P. 77(d) (requiring the clerk to serve notice of the judgment "as provided in Rule 5(b)"). Rule 5(b) states that "[a] paper is served under this rule by: . . . mailing it to the person's last known address—in which event service is complete upon mailing[.]" Fed. R. Civ. P. 5(b).

The tension here is between Federal Rule of Appellate Procedure 4(a)(6), which requires affirmative proof of non-receipt, and the presumption of completed service created by Rule 5(b). *See, e.g.*, *Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 380 (7th Cir. 2012) ("Appellate Rule 4(a)(6) does not mesh perfectly with Civil Rules 5(b) and 77(d). Rule 4(a)(6) talks of 'receipt' of a document under Rule 77(d); but Rules 77(d) and 5(b) concern 'service' rather than receipt."). Despite the tension here, for purposes of reopening the time to file an appeal, in the Sixth Circuit it is not an abuse of discretion to presume receipt of a judgment when Rule 77(d) notice is mailed. *See Evans v. United States*, 165 F.3d 27, 1998 WL 598712, at *2 (6th Cir. 1998)

(unpublished table decision) (holding it was not an abuse of discretion for the district court to deny motion to reopen given record of mailing and no countervailing evidence); *United States v. Franklin*, No. CIV.A. 5:10-07112, 2011 WL 147682, at *1 (E.D. Ky. Jan. 18, 2011) (rebuttable presumption of receipt created by CM/ECF record of mailing); *but see Khor Chin Lim*, 683 F.3d at 380 ("no court of appeals has accepted the district court's conclusion that a document is 'received' for the purpose of Rule 4(a)(6) the instant it is 'served' under Rules 5(b) and 77(d)."). But regardless of presumptions, Novel bears the burden to prove he never received the Judgment. *See Evans*, 165 F.3d 27, 1998 WL 598712, at *2 (movant failed to bear the burden of proof) (citing *Nunley*, 52 F.3d at 795). He fails to do so.

Novel states in his "Memorandum of Support" that he "received a copy of such order dated November 12, 2014." (Pl.'s Mot. at 2, doc. 26). Novel does not state when he received a copy of such order. Novel states that "this is not the first time Pro Se Plaintiff Novel has not received a copy of this Court's order." (*Id.*). Novel also states that he would expect to receive a paper copy of this Court's order because our local rules require him to file all pleadings using paper. (*Id.*). It is not clear from Novel's filing when he received the documents. It seems that Novel is asserting that he only recently received a copy of the order, but that much is far from clear.

Defendants dismiss Novel's assertion—that he never received the Court's final ruling—arguing it is not supported by any affidavit or declaration and is thus a mere conclusory statement. (Defs.' Mem. in Opp'n at 2–3, doc. 27). Presenting their own evidence, Defendants point to the notice on the CM/ECF docket indicating the clerk delivered Novel notice of the Court's Judgment on November 12, 2014. And while the notice says "[n]otice has been delivered by other means to: . . . Sur G Novel," (Defs.' Exs. to Mem. in Opp'n, doc. 28), paper delivery of

4

the notice could not yet have taken place since the Court's Opinion and Order and Judgment had just been filed that day. And Novel does not appear to have been sent notice via email through the CM/ECF system. All the CM/ECF record indicates is that the clerk sent Novel paper notice at the address he provided; it is not evidence of Novel's receipt of that notice.

Novel presents the Court with no affidavit or declaration supporting the assertions he makes in his memorandum. In this Court, "[e]vidence shall be presented, in support of or in opposition to any motion, using affidavits . . . and other documentary or electronic exhibits." S.D. Ohio Civ. R. 7.2(e). Novel's attempt to present the Court with evidence in his memorandum fails. Even a simple affidavit could provide the supporting evidence a court needs to make the required findings. *See In re Marchiando*, 13 F.3d at 1114. The only relevant evidence on the issue is the CM/ECF notice that the clerk's office sent Novel the documents. But this is only evidence that the notice was sent, not that it was received. Rule 4(a)(6)(A) requires the Court to "find[] that the moving party *did not* receive notice" before the Court may reopen the time to file an appeal. Fed. R. App. P. 4(a)(6)(A) (emphasis added). Novel has not shown that he did not receive notice.

Since Novel fails to show that he did not receive notice of either the November 12, 2014 Opinion and Order or Judgment within 21 days after entry, the first condition listed in Rule 4(a)(6) is not met. And since "all of the . . . conditions" or Rule 4(a)(6) must be met for the Court to have the discretion to reopen the time to file an appeal, Novel's motion will be denied. This obviates the need to analyze the other arguments of the parties on the other requirements of Rule 4(a)(6) or on the propriety of the Court's exercise of discretion. The Court notes, however, that it lacks a factual basis to find when Novel received notice of the judgment—a necessity for ruling on the requirement of Rule 4(a)(6)(B).

**III.     Conclusion**

Therefore, the Court DENIES Novel's Motion to Reopen the Time to File an Appeal. (Doc. 26).

 IT IS SO ORDERED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 28, 2015